# Wheeling.

ARMSTRONG *et al. v.* THE COUNTY-COURT OF TAYLOR COUNTY.

Decided May 10, 1879.

1879
Special Term.

In a proceeding by citizens, inhabitants and tax-payers of Taylor county for a writ of prohibition against the county-court of said county, to prohibit them from proceeding to reduce the amount of taxes assessed and levied upon the property of The Baltimore and Ohio Railroad Company in said county, and from accepting and receiving a less sum from said company, and from making an agreement with said company thereafter to accept and receive from said company for assessment and levy a valuation of all the property thereof in said county, at $320,000.00.   HELD:

1. That said company has such an interest in the question presented, that it should have been made a party respondent and have had notice of the pendency of this proceeding.

2. The declaration in prohibition showing such an interest in said company, it is demurrable for the want of proper parties, the company not having been made a party respondent.

A writ of error to a judgment of the circuit court of Taylor county, rendered on the 14th day of May, 1877, in an action in said court then pending, wherein Adolphus Armstrong and others were plaintiffs and The county-court of Taylor county was defendant, granted on the petition of said plaintiffs.

Hon. Charles S. Lewis, late judge of the second judicial circuit, rendered the judgment complained of.

The facts of the case sufficiently appear in the opinion of the Court.

1879
Special Term.

Armstrong *et al.*
v.
The County
Court of Taylor
County.

*James Morrow, Jr.*, for the plaintiffs in error, cited the following authorities:

Cooley on Taxation, 1–4 ; 8 How. 82; Const. W. Va. 1863, Art. VIII; *Id.* Art. IV, §§35, 36, 37 ; *Id.* 1872, Art. X ; *Id.* Art. VI, §30 ; 7 Wall. 77 ; Cooley on Taxation 32, 33, 34 *et seq.* ; 10 Cal. 402 ; 19 Wall. 655 ; 4 Pet. 563 ; 47 Cal. 646 ; Code, ch. 29 ; Acts 1872-3, ch. 117 ; *Id.* 220 ; Acts 1875, ch. 54; Acts 1877, ch. 109 ; Code 1869, ch. 29, §67 ; Cooley Const. Lim. (2d ed.) 130 ; *Id.* 189 and notes.

There was no appearance for the defendant in error.

MOORE, JUDGE, delivered the opinion of the Court :

A. Armstrong and sixty other citizens, inhabitants of and taxpayers in the county of Taylor, in behalf of themselves and all other citizens, inhabitants and tax-payers of said county, except the members of the county-court of said county, presented a petition to the judge of the circuit court of Taylor county, praying a writ of prohibition against the county-court of said county. The petition substantially alleges that the property of The Baltimore and Ohio Railroad Company, including the Parkersburg Branch road, known as the North West Virginia Railroad, is assessed with county-taxes, and charged with the payment thereof within and for the county of Taylor for the years from 1864 to 1875, both inclusive, aggregating $79,869.27. That none of said taxes have been paid by said company. That said county-court on the 20th day of September, 1875, made an order "in effect releasing the said railroad company from the payment of $59,869.27 of the said taxes so assessed upon the payment by the said company of the sum of $20,000.00, part of the taxes so assessed; and the said county-court, in and by the same order, in effect assessed and fixed the value of all the property of said railroad company, including

1879
Special Term.
_____
Armstrong *et al.*
v.
The County
Court of Taylor
County.
the said branch road, at the sum of $320,000.00, on and from which in the future to levy and collect county-tax in said county, for its purposes, and thereby in effect said county-court excluded or released from future taxation in said county all other or additional value which the property of said company may now have or have in the future."

The petition charges that said county-court had no jurisdiction, and is proceeding without jurisdiction to release the said company from the payment of said taxes of $59,869.27, and to assess or fix the value of the property of said company for future taxation in said county for county-purposes at the value of $320.000.00, which is $756,808.00, less than the county assessor of said county assessed it at in the years 1873, 1874 and 1875.

The circuit court awarded the usual rule, requiring the county-court to appear before the circuit court, and show cause why a writ of prohibition should not issue in pursuance of the prayer of the petition and suggestion. The plaintiffs exhibited with their petition, and as a part thereof an order made by said county-court, September 20 1875, of which the following is a part: The county-court appeared by its attorneys and demurred to plaintiffs' petition, which demurrer the court overruled; and on motion of the plaintiffs, by their counsel, the court gave them leave to file their declaration in prohibition, and they did file the declaration May 1, 1877, which is in substance the same as said petition. At a special term of said circuit court on the 14th day of May, 1877, the defendants demurred to said declaration in which the plaintiffs joined, on consideration of which the said court sustained said demurrer, and discharged the said rule awarded against the defendants, and gave costs against the plaintiffs. Thereupon the plaintiffs obtained a writ of error to said judgment, which brings the matter before this court for consideration.

It is apparent not only from the declaration, but also from the petition, that the writ of prohibition, if granted,

would operate adversely against the interests of The Baltimore and Ohio Railroad Company. Both the declaration and petition show that said company has such an interest in the .question presented, that it should have been made a party respondent and have had notice of the pendency of this proceeding. It is a fundamental rule that, in all suits in courts of common law, a service upon the persons or parties adversely interested is indispensable. A case directly in point, being one in *prohibition*, is that of *Walton* v. *Green et al.*, county commissioners, 60 Me. 356.

It does not appear from the record what particular grounds were assigned on demurrer in the court below, but it is sufficient to sustain the demurrer to the declaration, that it shows upon its face that said company was a necessary party to this proceeding.

Therefore this court is of opinion that the said circuit court did not err in sustaining the demurrer to said declaration and dismissing the rule at the costs of plaintiffs. It is irregular to demur to the petition, which is in this case the affidavit required by the statute, and therefore it was not improper to overrule the demurrer thereto, it being equivalent to striking it out. This, however, is immaterial as all the proper parties were not ruled to show cause against the petition. Therefore without expressing any opinion on the merits of this cause as set forth in the declaration, the judgment of the court below should be affirmed for the reasons aforesaid, without prejudice to the plaintiffs or other proper persons from hereafter proceeding in prohibition or otherwise in the premises as they may be advised as though this proceeding in prohibition had never been commenced ; and the defendants are to recover their costs and $30.00 damages against the plaintiffs.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.