# CHARLESTON.

HUNTINGTON CHAMBER OF COMMERCE *et als*. v. PUBLIC SERVICE COMMISSION *et als*.

Submitted April 22, 1919.   Decided April 29, 1919.

1. FERRIES—*Ferry Rates—Challenge to Jurisdiction of Tribunal—Interest.*
   A patron of a ferry has such an interest in a proceeding to increase the rates of ferriage thereat as gives him the right to challenge by appropriate proceeding the jurisdiction and authority of the tribunal attempting to increase such rates.  (p. 82).

2. PROHIBITION—*Public Service Commission—Excess of Authority—Violation of Constitution.*
   The writ of prohibition will lie against the Public Service Commission of West Virginia where it is attempting to act in a *quasi* judicial capacity in excess of the authority conferred upon it, or in violation of some provision of the Constitution.  (p. 83).

3. FERRIES—*Regulation—Jurisdiction—Constitutionality of Statute.*
   That part of the Public Service Commission Act conferring upon the Public Service Commission authority to prescribe rates of toll for ferries operating in this state is not in violation of § 24 of art. 8 of the Constitution.

Original prohibition by the Huntington Chamber of Com-

merce and others against the Public Service Commission and others.

*Writ denied.*

*Livezey & Irons,* for petitioners.

*S. B. Avis.* for respondent Public Service Commission.

*Homer E. Holt,* for respondent Guyandotte & Proctorville Ferry Co.

RITZ, JUDGE:

The respondent, Guyandotte & Proctorsville Ferry Company, filed before the respondent Public Service Commission of West Virginia an application for permission to increase its rates of ferriage. The petitioners here appeared before the Public Service Commission in opposition to this application and questioned the right of said Commission to consider the same, upon the ground that the Public Service Commission Act, so far as it conferred upon the Public Service Commission authority to fix rates of ferriage, was in violation of § 24 of art. 8 of the Constitution, their contention being that the exclusive right to regulate and fix such rates is vested in the county courts by said constitutional provision. Upon the refusal of the Public Service Commission to dismiss said petition upon this ground, petitioners applied to this Court for a writ to prohibit said Commission from taking further jurisdiction of said petition.

It is first suggested that the petitioners have not such an interest in the matter of rates to be charged by the respondent ferry company as entitle them to apply for the writ here. The petition is filed by the Huntington Chamber of Commerce, a corporation, the Huntington Business Men's Association, a corporation, the City of Huntington, a municipal corporation, and D. B. Gwinn. There is no averment in the petition that either of the three first named petitioners are patrons of the said ferry, but the petition does aver that the last named petitioner is a patron thereof. Ordinarily one, who belongs to a class which will be affected by the doing of some act which it is contended is about to be done without competent authority therefor, has such interest as

will entitle him to maintain a suit to test the jurisdiction of the tribunal which is about to act. 20 R. C. L., p. 662; *County Court* v. *Boreman,* 34 W. Va. 87; *Payne* v. *Staunton,* 55 W. Va. 202. The contention of the petitioners here is that the action of the Public Service Commission in attempting to change the rates of the respondent ferry company is entirely without jurisdiction. The application is to increase rates and, of course, if it succeeds it will adversely affect the interest of all of the patrons of the ferry company. We are therefore of the opinion that any patron of the ferry has a right, upon the ground of lack of constitutional power in the Public Service Commission, to maintain a suit challenging its authority to increase the rates.

It is next suggested that prohibition is not a proper remedy, even conceding that the Public Service Commission is without authority. It is quite true that this Commission is not in the strict sense of the term a court, but it is a *quasi* judicial body. Its inquiries are made in the same manner as are judicial inquiries. The parties are summoned before it, evidence is heard, and certain facts are determined with a view to founding thereon what is a legislative act. In the determination of these facts the Public Service Commission is *quasi* judicial, and as was held in *Brazie* v. *County Commissioners,* 25 W. Va. 213, a writ of prohibition lies against such a tribunal where in the performance of *quasi* judicial functions devolved upon it, it is attempting to exercise a power which it does not possess.

Does that part of the Act which confers upon the Public Service Commission authority to regulate rates to be charged by a ferry company violate § 24 of art. 8 of the Constitution? That section, so far as it is pertinent to this inquiry, referring to the jurisdiction of county courts, provides: "They shall also, under such regulations as may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties, including the establishment and regulation of roads, ways, bridges, public landings, ferries and mills, with authority to lay and disburse the county levies." It will be noticed that juris-

diction is conferred upon the county courts for the regulation and establishment of ferries under such regulations as may be prescribed by law. Of course, this is equivalent to saying that the legislature, which is the lawmaking body, has the power to prescribe regulations under which the county courts shall act in the establishment and regulation of ferries. Undoubtedly this section confers upon county courts jurisdiction over. the establishment and regulation of ferries, but is it an exclusive jurisdiction? If the petitioners' contention is sustained, that part of the provision reading, "under such regulations as may be prescribed by law," is a dead letter. However, this is hardly an open question in this state since the decision of this Court in the case of *State Ex Rel Dillon* v. *County Court*, 60 W. Va. 339. This particular provision of the Constitution was under consideration in that case. It will be noted that by it county courts are given authority over the fiscal affairs of the county with authority to lay and disburse the county levies. The statute which it was contended was in violation of this provision of the Constitution in that case limited the amount of taxes which might be raised by the county court. The contention was made that this provision of the Constitution conferred upon the county court authority to lay any levy it pleased for county purposes, so long as it did not exceed the constitutional limitation. The limitation fixed by the statute was very much under that fixed by the Constitution. It was there held that such a regulation by the legislature was not in violation of this provision of the Constitution, but was simply carrying out the authority conferred by it to prescribe regulations for laying the levies by the county courts. The case of *State* v. *Harden*, 62 W. Va. 313, also involves the constitutionality of a statute which it was contended was in violation of this same section, and the statute was sustained in that case for reasons analagous to those given for sustaining the statute in the case above cited. We think it quite clear that it is perfectly competent for the legislature to prescribe the regulations under which the county courts shall act in regulating and establishing ferries, and there is no reason why among these regulations it cannot prescribe the rates which such

ferries may charge, or declare the means by which such rea-
sonable rates may be determined.

It follows from this conclusion that the writ prayed for
will be denied.

*Writ denied.*