# CHARLESTON.

MARTHA A. LANGFITT V. COUNTY COURT OF DODDRIDGE COUNTY.

Sumbitted April 13, 1920.    Decided April 27, 1920.

1. PROHIBITION—*Writ Lies Only to Prevent Illegal or Excessive Judicial, or Quasi Judicial, Action.*

    The writ of prohibition lies only to prevent illegal or excessive judicial, or quasi judicial, action and not acts that are purely ministerial or governmental in character. (p. 317).

2. SAME—*Does Not Lie to Prevent Ministerial Act of County Court in Expending Public Revenue.*

    Prohibition does not lie to prevent a county court from expending the public revenues in the erection of a bridge wholly outside of the limits of the county, such act of the county court being purely ministerial. (p. 317).

Error to Circuit Court, Doddridge County.

Action by Martha A. Langfitt against the County Court of Doddridge County. Judgment for plaintiff, and defendant brings error.

*Reversed and petition dismissed.*

*J. O. Wilcox,* prosecuting attorney. for plaintiff in error.
*Law & McCue* and *L. W. Chapman,* for defendant in error.

WILLIAMS, PRESIDENT:

At the suit of Martha A. Langfitt, a citizen and taxpayer of Doddridge County, the circuit court of said county prohibited the county court thereof from executing a contract entered into between it and the county court of Tyler, an adjoining county, whereby the former agreed to erect a concrete bridge, wholly within the territory of Tyler County, and about a quarter of a mile from the dividing line between the two counties, on the ground that said county court was without jurisdiction or authority to expend the public revenues in making improvement outside of the territorial limits of the county, and it has appealed.

The first question with which we are confronted is whether prohibition lies in such a case? At the common law prohibition did not lie to restrain or prohibit purely ministerial acts. It was available to prohibit only judicial action, and was a writ issuing out of a higher court directed to an inferior judicial court or tribunal. High on Extraordinary Remedies, 3rd ed., section 769; 22 R. C. L., sec. 13. This court in *Hassinger et als.* v. *Holt, Judge,* 47 W. Va. 348, held: "A writ of prohibition only goes against a judicial tribunal and judicial action, and not that which is purely ministerial." Although the opinion in that case makes no reference to section 45, ch. 39 of the Code, the case arose and was decided long after the passage of the statute, and the reason it is not mentioned in the opinion must be because the court regarded it as not applying in case of purely ministerial acts.

We do not say prohibition does not lie to prevent judicial or quasi-judicial acts of county courts and other inferior tribunals, in excess of their authority. It was expressly held to be the

proper remedy in *Brazie* v. *Fayette County Commissioners,* 25 .W. Va. 213, where the county commissioners, sitting as a canvassing board, were exercising a judicial function in proceeding to consider matters not appearing on the face of the election returns; and that holding was approved in *Fleming* v. *Commissioners,* 31 W. Va. 608.

We must and do admit the authority and right of the legislature to regulate remedies and even to substitute new remedies for old ones, and such regulations and substitutions are binding on the courts. But we do think it was not the legislative purpose to broaden the scope of the writ so as to include within its operation purely ministerial acts to which it did not apply at the common law. Section 45, ch. 39 of the Code is as follows: "The circuit court of any county may, by writ of prohibition, prevent the county court of such county from exercising any jurisdiction or authority which is not conferred on it by law and may, by writ of mandamus enforce the performance of any legal duty of such court. But in such cases a writ of error or supersedeas may be granted on like principles and rules as in other cases." This language might seem to be unambiguous and sufficiently comprehensive to embrace ministerial as well as judicial acts of the county court in excess of its lawful authority, yet, after a careful consideration of the statute in *Baker* v. *O'Brien,* 79 W. Va. 101, we reached the conclusion that it was not the intention of the legislature thereby to enlarge the scope of the writ and thus extend the jurisdiction of the courts to governmental and ministerial matters. The same question was then presented as is presented by this appeal, although in a different way. That was an original application to this court for a rule in prohibition to restrain the circuit court from proceeding by prohibition to prohibit the county court from submitting to the voters of the county of Jackson the question of changing the location of the county seat, upon a petition by the voters of said county, deemed by the county court to be sufficient. There the action of the county court in calling the election was held to be purely ministerial, and prohibition did not apply. So, in the present case the building of the bridge is also purely a ministerial act. By Article 8, section 24 of the Constitution, and by section 9, ch. 39 of the Code,

county courts "are given superintendence and administration of the internal police, and fiscal affairs of their counties, including the establishment and regulation of roads, ways, bridges, public landings, ferries and mills, with authority to lay and disburse the county levy." These acts are administrative, or ministerial and call for the exercise of no judicial power or function. It was likewise held in *Williamson et als.* v. *County Court,* 56 W. Va. 38, that the appointment of election commissioners by the county court was an administrative or ministerial act, and could not be controlled by prohibition.

We therefore reverse the judgment and dismiss plaintiff's petition without prejudice, to her right to pursue some other and appropriate remedy.

*Reversed and petition dismissed.*