# CHARLESTON.

PEOPLES UNITED TELEPHONE SYSTEM *v.* WILLIAM M. FELTNER *et al.*

Submitted September 28, 1920.  Decided October 5, 1920.

1. PROHIBITION—*Lies to Prevent Justice of Peace Taking Jurisdiction of False and Fictitious Counterclaim.*

   A writ of prohibition will lie to prohibit a justice of the peace from taking jurisdiction in an action pending before him of a false and fictitious counterclaim filed for the purpose of making the amount involved sufficient to entitle the defendant to a trial by jury, or to an appeal to the circuit court from any judgment of the justice. (p. 76).

2. SAME—*Writ Lies on Filing of Alleged False Counterclaim Before Justice of the Peace.*

   Upon the filing of such false and fictitious claim, the plaintiff may at once apply for a writ of prohibition without

waiting for it to appear before the justice, or on appeal in the circuit court, that such claim is in fact fictitious or false. Proof of the falsity of such claim and of the fraudulent purpose in filing the same may be offered in the prohibition case should the allegations of the petition in that regard be denied. (p. 76).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Taylor County.

Petition for writ of prohibition by the People's United Telephone System against William M. Feltner and others. Demurrer to the petition filed by defendant Feltner sustained, and petition dismissed, and plaintiff brings error.

*Reversed; demurrer overruled.*

*J. Blackburn Ware,* for plaintiff in error.
*Warder & Robinson,* for defendants in error.

RITZ, JUDGE:

The plaintiff brought its suit before a justice of the peace of Taylor county to recover from the defendant Feltner the sum of $11.08, claimed to be due for telephone rentals. The defendant Feltner appeared and tendered an offset or counter-im for the sum of $27.00 for damages because of unsatisfactory telephone services rendered which, upon objection, the justice declined to allow to be filed. Thereupon an offset was tendered for the sum of twenty dollars for rental and use of land for 1916-18, to the filing of which the plaintiff objected, because it was fraudulent and fictitious, but the justice overruled this objection and allowed this offset to be filed. Thereupon the defendant demanded a jury, and over the objection of the plaintiff the justice issued his writ of *venire facias* therefor. The plaintiff thereupon asked for a continuance of the case on the ground that new matter had been brought in by the filing of the offset, and this motion was granted. Thereupon the plaintiff filed its petition in the circuit court of Taylor county setting up the above facts, and further alleging that the offset filed was purely fictitious and fraudulent; that the defendant did not have any *bona fide* claim against the plaintiff; and that he filed said offset for the sole purpose of being in a position

to demand a trial by jury, and to procure an appeal to the circuit court from the judgment of the justice of the peace, should the same be adverse to him. A rule in prohibition was issued against the justice and the defendant Feltner. Feltner appeared and demurred to the petition, which demurrer was sustained by the court and the petition dismissed, to review which judgment this writ of error is prosecuted.

It seems to be well settled in this state that where one files a false and fictitious claim as an offset before a justice of the peace for the purpose of giving jurisdiction by appeal in case an adverse judgment is rendered by the justice, prohibition will lie to prohibit such fraudulent acts. *McDonald Colliery Co.* v. *Crotty,* 69 W. Va. 407; *Rose* v. *O'Brien, Judge,* 77 W. Va. 316. In both of those cases fictitious counterclaims were filed for the purpose of giving jurisdiction to the circuit court by appeal. The defendants offered no evidence to support the alleged offsets, either before the justice, or in the circuit court upon appeal, and the court held this sufficient to show that they were fictitious, and were filed for a fraudulent purpose. In this case no trial has been had before the justice, and the fact that the counterclaim is specious does not appear in the same way that this showing was made in the cases above cited. It is not necessary, however, for the plaintiff to wait and go through a trial before the justice or in the circuit court before resorting to a prohibition. If the allegation of the petition that the counterclaim is false and fictitious, and filed for the fraudulent purpose of involving an amount that would give jurisdiction upon appeal, is denied, that question can be tried upon the issue thus made. There are authorities which hold that if one raises the question of want of jurisdiction, or the commission of a fraud to confer jurisdiction in another tribunal, and proceeds to a final judgment therein, he cannot thereafter raise such question by a prohibition; and there are others holding that until he has had the question determined by the court in which the suit is pending, he cannot resort to prohibition, but we think resort may be had to the writ at the very first opportunity, if the complaining party desires to do so, rather than to require the party to exhaust every other known means of ob-

taining relief before seeking the aid of a prohibition. *State ex rel. Morley* v. *Godfrey, Mayor,* 54 W. Va. 54. Of course, if it turns out that the defendant has a *bona fide* claim of the kind set up by way of offset, the plaintiff will fail. The obligation will be upon the plaintiff, if the allegations of the petition are denied, to show that the offset filed is specious and false, and filed for the purpose of committing a fraud upon the jurisdiction of the court. If the defendant has a real claim, even though it may be disputed by the plaintiff, he is entitled to litigate it, but if, as alleged in the petition, he has simply fabricated the offset for the purpose of involving the amount necessary to obtain a jury trial, or to give jurisdiction to the circuit court upon appeal, the writ of prohibition is the proper remedy to prevent such abuse, and it may be resorted to at the moment such fraud is attempted to be perpetrated.

We will, therefore, reverse the judgment of the circuit court of Taylor county, overrule the demurrer to the petition, and remand the cause for further proceedings.

*Reversed; demurrer overruled.*