# CHARLESTON.

SCOTT E. WATKINS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 6558)

Submitted September 10, 1930.   Decided September 16, 1930.

*J. D. Gronninger*, for appellant.

*Howard B. Lee*, Attorney General, *R. Dennis Steed*, Assistant Attorney General and *Chas. D. Smith*, Secretary State Compensation Commissioner, for respondent.

WOODS, JUDGE:

Scott E. Watkins, who was in the employment of the Daniels Colliery Company on the 11th day of October, 1928, as a coal loader, claims to have been suffering from pains in his head and neck, since that date, due to concussion or jar from a

"shot" put off that morning by a fellow workman on the opposite side of a fifteen foot block of coal, and that by reason thereof he was forced to quit work the following afternoon and has been totally disabled from performing any labor since. It appears that the block of coal had been cut under from both sides, and that the charge for the "shot" was placed six feet back in the face of the coal. No claim was made of being struck by falling coal or slate, and the examinations revealed none.

This appeal is prosecuted from a finding of the Commissioner that the alleged disability did not result from an injury received by claimant in the course of, and arising out of, his employment. While claimant seeks to show a substantial compliance with the first part of section 39, chapter 15P, Code, in regard to filing of claim, in view of the finding on the merits, we deem it unnecessary to go into such questions.

If claimant is actually suffering from headache, for which we have only his statement, we are met with the additional question: Was such caused by the "shot"? In support of the affirmative, claimant asserts that he never suffered with headache prior to the date of the alleged injury. However, the assistant mine foreman testifies that claimant was off from work a great deal of the time due to head and backache. And in this he is supported by claimant's own testimony, and the fact that his monthly earnings for the year immediately preceding the alleged injury were very small. Claimant sought to explain his frequent absences on the ground that bad air in the mine made him sick. One of the workmen who saw Watkins sometime after the "shot" states that he was complaining of his head hurting him.

On claimant's own statement certain specialists diagnosed the case as post-traumatic cephalagia, or headache from a blow. All examinations were negative. The X-ray taken by the chief medical examiner revealed no direct evidence of any pathology in the claim. He was of opinion from the evidence submitted that claimant was not suffering from post-traumatic cephalalgia.

Whether or not the claimant established an injury, and con-

nected it up with the ''shot'' were questions for the Commissioner. The finding of fact by him should be treated as the finding of a judge, or the verdict .of a jury, and will not, as a general rule, be set aside if there is substantial evidence to support it. *Kincannon* v. *Ott*, 108 W. Va. 428; *Heaton* v. *Comp. Com'r.*, 106 W. Va. 563. We are of opinion that the findings in this case fall under the foregoing rule. The Commissioner's action in the matter is therefore affirmed.

*Affirmed.*