Frank Aniel *v.* State Compensation Commissioner

(No. 7409)

Submitted October 18, 1932. Decided October 25, 1932.

646

*Martin & Martin,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

Claimant, Frank Aniel, a miner employed by Alpha-Pocahontas Coal Company, alleges an injury resulting in hernia. Compensation was denied on the ground that the hernia is an old one and not of recent origin.

According to claimant, on July 6, 1931, immediately after lifting a lump of coal, he experienced a pain in the right groin and a rupture appeared, necessitating cessation of employment as a miner which he has not since been able to resume. Other employees witnessed the hernia at the time of the alleged injury. Claimant admits a prior operation for hernia in France about 1905, but asserts that there had been no recurrence of that rupture prior to July 6, 1931. Witnesses who had seen claimant in a nude condition just a short time before that date (one witness says two days before) and who had noted the scar caused by the old hernia operation testified they saw no evidence of the former rupture. As corroborative of his assertion, claimant introduced a written order signed by T. W. Heironimus, Jr., a physician employed by the coal company, which reads: "Frank Aniel was ruptured July 6 while loading coal and is entitled to hospital care under company contract with Mullens Hospital." Claimant testified further that Dr. Heironimus had examined him on several occasions prior to July 6, 1931, and had said nothing concerning the old hernia.

Dr. Heironimus, in a written statement made before the inspector for the compensation department, stated that shortly after he became employed as the company physician in

October, 1929, Aniel complained to him of the old rupture and that "it had broken through and was giving him trouble." At this time, the rupture was about the size of a quarter, and the doctor advised him to do no heavy lifting. He further stated that he examined claimant on July 6, 1931, and sent him to Mullens Hospital for examination and operation. Dr. Ward Wylie of that hospital, who examined Aniel just after the alleged injury and who advised him that surgical aid would be of no benefit, was of the opinion that for some time prior to July 6, 1931, there had been a recurrence of the old hernia, stating: "There was no tenderness when the large hernia was reduced." Garland Ellison testifies that he saw claimant just after he came out of the mine and quotes Aniel as having said that the old rupture had been bothering him. Aniel's testimony is contradictory as to whether he saw Ellison on this occasion, but he denies the statement Ellison attributes to him.

The controversial point is whether claimant's rupture was occasioned by an injury received in the course of and resulting from his employment on July 6, 1931. As before noted, the commissioner concluded the rupture was an old one, and counsel for claimant submits that the evidence does not sustain the commissioner's finding.

The legislature has seen fit to make special provisions for hernia cases, so that under our workmen's compensation law (Official Code, 1931, 23-4-7), proof of the non-existence of hernia prior to the injury for which compensation is claimed "must be definitely proven to the satisfaction of the commissioner." There is no dispute that the hernia was in evidence on July 6, 1931, but the statements of Drs. Wylie and Heironimus conflict with the assertion of claimant that there had been no recurrence of the old rupture until the alleged injury. Those statements are clear and positive and constitute substantial evidence on which the commissioner might predicate his finding. We, therefore, affirm the order appealed from.

*Affirmed.*