UNITED STATES STEEL CORPORATION,
*A Corporation*

*v.*

GEORGE W. STOKES,
STATE COMPENSATION COMMISSIONER

(No. 10589)

Submitted June 9, 1953. Decided June 23, 1953.

GIVEN, JUDGE, dissenting:

*Charles M. Love,* for petitioner.

*John G. Fox,* Attorney General, *T. D. Kauffelt,* Assistant Attorney General, for defendant.

LOVINS, JUDGE:

United States Steel Corporation invokes the original jurisdiction of this Court, seeking to prohibit Curtis B. Trent, Jr., State Compensation Commissioner of the State of West Virginia, from requiring the petitioner to pay the sum of $2,572.24 to Crockett Bales, a claim of compensation benefits heretofore awarded Bales.

By a stipulation, George W. Stokes who succeeded Curtis B. Trent as State Compensation Commissioner of the State of West Virginia, is substituted in the place of Curtis B. Trent, Jr. The stipulation further provides that an order entered on December 22, 1950, is made a part of the record in this proceeding.

The United States Steel Corporation will be hereinafter designated as "employer"; the State Compensation Commissioner as "commissioner", and Crockett Bales as "claimant".

The commissioner demurred to the petition upon the grounds, (a) that the claimant should have been made a party to this proceeding, (b) that the issuance of the pay order sought to be prohibited by this proceeding is an administrative act, and therefore, a writ of prohibition does not lie, and, (c) that the petition discloses that by an order dated October 6, 1949, claimant's award of

compensation benefits for permanent total disability remains in force.

This proceeding is closely related to a former proceeding begun by the employer, seeking modification of a total permanent disability award of compensation benefits made to the claimant by the commissioner.

Claimant was awarded compensation benefits for total and permanent disability, by the commissioner, on the 24th day of May, 1943. The employer, by petition, dated August 27, 1949, directed to the commissioner, sought a modification of such award. The claim was reopened by the commissioner on September 6, 1949. An order was entered by the commissioner on October 6, 1949, affirming the former award of total permanent disability and denying the application for a modification of the former award. At the conclusion of the order entered by the commissioner on October 6, 1949, the following was set forth: "Either party has thirty days from receipt of this order within which to enter objection in writing thereto."

Instead of appealing from the order entered on October 6, 1949, the employer protested, and upon such protest, took and submitted various depositions relative to claimant's physical condition. The commissioner, on February 24, 1950, upon such protest and evidence, set aside his order of May 24, 1943, awarding the claimant benefits for total and permanent disability, and ordered that the claimant be referred to an examiner to determine his permanent disability. This order was appealed to the Workmen's Compensation Appeal Board by the claimant. That Board affirmed the order of the commissioner made on February 24, 1950. Thereafter, the commissioner, on September 7, 1950, ordered that the claimant be awarded 60 % permanent partial disability benefits. Protest was made by the claimant to such award. The commissioner overruled that protest, and, after a hearing thereon, entered an order on February 13, 1952, affirming his former order of September 7, 1950 of 60 % permanent partial

disability benefits. The commissioner's order of February 13, 1952, was affirmed by the Workmen's Compensation Appeal Board. Claimant appealed from the order of the Workmen's Compensation Appeal Board to this Court.

This Court, in a proceeding styled Crockett Bales v. State Compensation Commissioner and United States Steel Company, number 10502, entered an order in which it was held that the commissioner's order of October 6, 1949, was an appealable order under sections 1 (d), Article 5, Chapter 137, Acts of the Legislature, 1939, Regular Session; that all proceedings had in that proceeding, after the entry of the order of October 6, 1949, were void, since the commissioner was without jurisdiction to further consider the application to modify the permanent total award theretofore made to claimant; that the employer should have appealed instead of protesting, and that the proceeding and evidence filed on such protest were of no effect.

The order made by this Court, having been based on procedural grounds, held that such adjudication was without prejudice to the right of claimant's employer to make a new application for modification of the former award of total permanent disability. It was further provided in the order of this Court that the proceedings had after October 6, 1949, should not be considered as a former adjudication, and the right was reserved to the employer to introduce evidence previously presented after the order of October 6, 1949, and protest thereto.

The employer filed another application for modification of the former award of permanent total disability on the 2nd day of February, 1953, and the commissioner, by an order made on February 6th, 1953, affirmed the order of October 6, 1949.

Thereafter, on February 14, 1953, "the Commissioner gave the parties notice" that he had entered an order on February 7, 1953, noting the filing of the new petition,

and by such order of February 7th, he found the claimant to be 60% disabled and closed the case. The order so made recited that the claimant had been paid in excess of the 60%. No protest was made to the order of February 7, 1953.

Following the order of February 7th, the commissioner's office advised the employer, by letter dated March 14, 1953, that the order of February 7th had been set aside; found that the new application for modification called for further adjustment; and that the claimant would be referred to a medical examiner. Accordingly, the commissioner referred the claimant to two physicians. The claimant did not present himself for examination by them.

The commissioner, on March 27, 1953, issued a pay order bearing that date, requiring the employer to pay the claimant $2,572.24, representing payment for thirty-seven months at $69.52 per month, for the period March 1, 1950 to March 31, 1953.

Employer returned such pay order to the commissioner and filed a petition for an appeal to the Workmen's Compensation Appeal Board, appealing from the order which set aside the order of February 7, 1953, and by letter, advised the commissioner that the pay order would not be paid. The commissioner's office, thereafter, declined to permit an appeal on the grounds that his former order followed the mandate of this Court, as set forth in the order of December 22, 1952.

The employer avers that the order of this Court did not require payment for such sum of money, and that the commissioner misconstrued the order of this Court.

The employer further avers that the mistake in the procedure upon which the order of this Court is grounded, was made over its protest and objection.

The controlling questions are raised by the demurrer to the petition.

Section 1 (c) of Chapter 137, Acts of the Legislature, 1939, Regular Session, authorizes an employer to apply for the modification of an award theretofore made. It provides that if any party is dissatisfied with any modification or change made by the commissioner, upon proper and timely objection, is entitled to a hearing as provided by Section One, Chapter 137, Acts of the Legislature, 1939. Section 1 (d), *id.* provides in substance that in the event the commissioner should refuse to modify the former award, he should give notice in writing to the claimant and employer, and should state the time allowed for an appeal from a decision of the commissioner; and, that the employer may appeal to the Workmen's Compensation Appeal Board within thirty days after receipt of such notice.

Instead of appealing, the employer protested. That was the vice in the former proceeding, and this Court held, as hereinabove stated, that all proceedings had after the order of October 6, 1949, were void for the reason that the commissioner was without jurisdiction.

The claimant is not made a party in this proceeding. This Court held in the case of *Armstrong et al.* v. *County Court,* 15 W. Va. 190, that a party in interest must be made a party to a proceeding in prohibition. A rule in prohibition should go not only against the tribunal to be prohibited, but also against a person having adverse interest, affected by the writ, and the writ, if granted, should also go against the tribunal as well as the party having such interest. *Kump* v. *McDonald,* 64 W. Va. 323, 61 S. E. 909; *State* v. *Blankenship,* 93 W. Va. 273, 116 S. E. 524. Undoubtedly, claimant is a party having an adverse interest, and he should be made a party to this proceeding by service of process in one of the recognized methods provided by law for such service.

"The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its

legitimate powers." Code, 53-1-1. Prohibition does not lie, however, to prevent administrative action. *Wiseman* v. *Calvert,* 134 W. Va. 303, 59 S. E. 2d 445; *State* v. *County Court,* 97 W. Va. 615, 125 S. E. 576. See *State* v. *Blankenship, supra; Langfitt* v. *County Court,* 86 W. Va. 316, 103 S. E. 105; *Board of Education* v. *Holt,* 54 W. Va. 167, 46 S. E. 134; *Hartigan* v. *Board of Regents,* 49 W. Va. 14, 38 S. E. 698.

It is quite true that a writ of prohibition will lie against administrative tribunals having *quasi* judicial power, when acting in a *quasi* judicial capacity, and such action may be controlled by a writ of prohibition. *Medical Ass'n.* v. *Health Council,* 125 W. Va. 152, 23 S. E. 2d 609. See *Huntington* v. *Public Service Com.,* 84 W. Va. 81, 83, 99 S. E. 285; *Brazie* v. *Commissioners,* 25 W. Va. 211, 219; Annotations, 115 A.L.R. 3; 159 A.L.R. 627.

The word *quasi* was criticised in the case of *Wiseman* v. *Calvert, supra,* at page 319. This language appears: "The prefix 'quasi' means 'as if; as though; as it were; in a manner; in a certain sense or degree; having some resemblance to; seeming; seemingly'." In Blacks Law Dictionary, Fourth Edition, the term "quasi judicial" is defined as follows: "A term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature."

The action of the commissioner in evaluating and passing on facts and awarding compensation benefits, is, in fact, not judicial, but *quasi* judicial. The term *quasi* judicial is so firmly imbedded in our jurisprudence that we are loath to reject it, but actually the discussion in *Wiseman* v. *Calvert, supra,* as well as the other cases, would seem to point to a rejection of such term in the interest of clarity and precision. See *State* v. *Huber,* 129

W. Va. 198, 40 S. E. 2d 11; *State* y. *South Penn Oil Co.,* 42 W. Va. 80, 24 S. E. 688.

The commissioner, in requiring the payment of compensation benefits theretofore awarded and accrued, was not exercising quasi judicial power, and a writ of prohibition does not lie to prevent such payment.

The employer in this case elected to carry its own risk under provisions of Section 9, Article 2, Chapter 164, Acts of the Legislature, 1947, Regular Session, and the commissioner, in requiring payment, was simply carrying out the clear mandate of the statute involving no ascertainment of facts or exercise of discretion.

If another reason is necessary for denial of the writ, we are of opinion that the award of permanent total disability made to claimant on May 24, 1943, and the refusal of the modification thereof, made by the commissioner on October 6, 1949, leaves such award undisturbed.

Owing to the unusual situation in this claim, we are impelled to say that the clear implication of the order of this Court, entered on the 22nd day of December, 1952, was that the status of this claim should be determined as quickly as possible by the Commissioner, the Workmen's Compensation Appeal Board, and, if necessary, by this Court. Such status should not have been materially altered by other proceedings until the right of modification on petition of the employer was determined. It seems to us that there is ample, statutory basis by the proper procedure to remedy any real or alleged injustice now existing.

Employer claims that the void procedure by the commissioner in the compensation proceeding was a mistake on his part, and that he should not be allowed to take advantage of a mistake made in his office. If the actions on the first petition for modification of the award were mistakes in administration, rather than procedure, the principles in the case of *Wilkins* v. *Comp. Com'r.,* 120

W. Va. 424, 198 S. E. 869, and which were likewise applied in an order entered by this Court on the 19th of February, 1952, in the case of *Heavener* v. *State Compensation Commissioner,* number 10442, may be applicable. But, we think that the mistakes made by the commissioner were procedural mistakes, and could have been corrected on appeal to the Workmen's Compensation Appeal Board.

In accordance with what has been said, we sustain the demurrer.to the petition; discharge the rule in prohibition heretofore awarded, and deny the writ.

*Rule discharged; writ denied.*

GIVEN, JUDGE, dissenting:

As I view the facts in this case, petitioner is entitled to a writ in prohibition, staying the collection of an award made by the Commissioner, until the determination of the validity of the order making the award. I think the petition clearly shows that the order is presently under attack, as being void, because having been obtained through misrepresentation and fraud of claimant. If void for such reason, I assume no one would contend it was not void from the beginning, or that any right could accrue to claimant thereunder. Yet the Court, acknowledging no other available remedy, refuses to issue the writ.

I have no difficulty in believing that the action of the commissioner, in the entry of the order making the award, or in the enforcement of the payment thereof, is at least, *quasi* judicial. In *Coal Co.* v. *Commissioner,* 123 W. Va. 621, 17 S. E. 2d 330, this Court stated: "The final order of the State Compensation Commissioner is not a judgment in the full sense of the term, but it is a judgment in that it is a final determination of a controversy relating to property rights by a public official expressly authorized to make such a decision. *Aniel* v. *Compensation Commissioner,* 112 W. Va. 645, 166 S. E.

366; *Watkins* v. *Compensation Commissioner*, 109 W. Va. 409, 157 S. E. 89; *Heaton* v. *Compensation Commissioner*, 106 W. Va. 563, 146 S. E. 368. 'The workmen's compensation award, although not a judgment, is in the nature of a judgment and the same rules are applicable to it as are applied to judgments and decrees of courts.' 71 C. J., p. 1182. A judgment is 'property' and as such is the proper subject of constitutional protection * * *."

As pointed out in the majority opinion, the writ of prohibition is available to litigants as a matter of right in certain instances, by virtue of the provisions of Code, 53-1-1. But the statutory provisions making the writ one of right, in certain instances, do not limit the right or duty of the Court to issue the writ in other instances. "The statute does not enlarge nor narrow the common law scope or range of the writ, *Sperry* v. *Sanders*, 50 W. Va. 70; but requires its issuance as of right in a proper case, whether there is other remedy or not." *Steamship Co.* v. *Hudson*, 93 W. Va. 209, 212, 116 S. E. 511. See *Railroad Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574, 30 S. E. 196, 41 L. R. A. 414.

In *Lyons* v. *Steele*, 113 W. Va. 652, 169 S. E. 481, this Court, after considering leading cases dealing with the equitable nature of the writ of prohibition, reached this conclusion: "It would seem clear from the foregoing citations that while prohibition is classed as a legal remedy, its issuance is largely influenced by equitable principles. Equity would not lend an ear to a technical right founded on deceit. Neither should prohibition serve deception. We hold, accordingly, that courts in West Virginia are not bound to allow the writ (under Code 1931, 53-1-1) merely because the applicant shows a clear technical right to prohibition; but they should deny the writ (under section 8) whenever he comes not with clean hands, as in the instant case * * *."

It appears to me that the enforcement of the payment of the award made by the order, under attack as being

void, in accordance with statutory provisions relating thereto, is analgous to the enforcement of a judgment by execution, and that questions relating thereto, to be determined by the commissioner, are *quasi* judicial. The writ lies to prevent the collection of a judgment attacked as being void. *State* v. *Blankenship,* 93 W. Va. 273, 116 S. E. 524; *McGrew* v. *Maxwell,* 80 W. Va. 718, 94 S. E. 395; 15 M. J., Prohibition, Section 9. Why should prohibition not lie in like cases, where the act of the compensation commissioner is *quasi* judicial, and is void? In *Coal Co.* v. *State Compensation Commissioner,* 111 W. Va. 409, 163 S. E. 16, the jurisdiction of the State Compensation Commissioner to enter an order was under attack. The Court held: "2. Prohibition lies as a writ of right in all cases where the lower court or tribunal has not jurisdiction of the subject matter in controversy, or having jurisdiction exceeds its legitimate powers." Yet in the instant case a writ is denied, notwithstanding the order involved is under attack as being void. In *Steamship Co.* v. *Hudson, supra,* the Court pointed out at page 212, West Virginia Reports, that " * * * The writ has also been employed, and properly so, in cases of attempted fraudulent jurisdiction, *Penna. R. R.* v. *Rogers,* 52 W. Va. 450; *Peoples United Telephone System* v. *Feltner,* 87 W. Va. 71; and in those cases involving disqualification of the inferior tribunal by interest or otherwise, *Forest Coal Co.* v. *Doolittle,* 54 W. Va. 210. In such case the fraud or disqualification may be shown *aliunde* the record." With the majority, I too hope, and would declare by dicta, that the commissioner may find some statutory basis for preventing what is believed to be fraud and injustice. I would not, however, leave the question to hope or dicta, but would issue the writ.

I agree that the claimant should have been made a party to this proceeding, for the reasons pointed out in the majority opinion. There is no reason, however, that the proceeding should be dismissed without affording the petitioner an opportunity to amend. The procedure sug-

gested in *Kump* v. *McDonald,* 64 W. Va. 323, at page 324, 61 S. E. 909, should be followed. In that case, the Court was faced with the question posed here, and, after discussion thereof, concluded: "In this case we ruled that we would not for the defect above stated, dismiss the case, but we required a copy of the rule to be served on Coberly to show cause, on a day, against the prohibition."

Being of the views indicated, I respectfully dissent.