# FALL-SPECIAL TERM.

## WHEELING.

### HARNESS *v.* BABB'S EXECUTORS.

Submitted June 19, 1883—Decided October 27, 1883.

The provisions of section 3 of chapter 58 of the Acts of 1872–3, author-
izing courts to set aside judgments rendered for acts done, in the
prosecution of the late war, according to the usage of civilized
warfare, upon affidavits and the inspection of the record in the
cases therein specified, is unconstitutional and void, because
the proceeding thus authorized is not "by due process of law"
within the meaning of section 35 of article VIII. of our Consti-
tution.

The facts of the case are stated in the opinion of the Court.

*Guy R. C. Allen* for plaintiffs in error.

No appearance for defendant in error.

SNYDER, JUDGE:

On the 15th day of April, 1875, A. C. Harness filed his
petition in the circuit court of Preston county, in which he
alleges that in 1865, one Peter Babb instituted proceedings
at law against him in the said circuit court to recover dam-

ages for the alleged taking and carrying away by force of arms certain property of the said Babb; that at the June term, 1868, of said court a judgment was rendered against petitioner in favor of said Babb for one thousand four hundred dollars, and eighty-one dollars and ninety-nine cents costs; that said action was brought and said judgment recovered by reason of acts done by the defendant according to the usages of civilized warfare in the prosecution of the late war between the government of the United States and a part of the people thereof; that at the time of the institution of said action, petitioner was and is now a resident of the county of Hardy in this State; that at the time of the alleged taking of said property petitioner was a regular soldier in the Confederate army; and that the same was taken under orders from duly authorized officers of the Confederate government for the use of and used by the armies of said government; that on the trial of said action petitioner was denied the right of setting up these facts as a defense by the court; and that since the rendition of said judgment the said Babb has departed this life and Obed Babb and Daniel Babb have been appointed and qualified as his executors. Petitioner, then, prays that said judgment may be set aside and a new trial granted him pursuant to the acts of the Legislature of this State passed March 24, 1873, and December 10, 1873, and for general relief.

The petition was sworn to, and the defendants, the executors of Peter Babb, deceased, appeared and demurred and filed their answer to the same. On October 10, 1878, the "court, being satisfied that said judgment was recovered for acts done according to the usage of civilized warfare in the prosecution of the said war," made an order setting aside said judgment and granting a new trial in said action. And on October 8, 1879, the plaintiffs, the executors of said Babb, "failing to appear and prosecute their suit," a non-suit was entered in the action and judgment given for five dollars and costs against said executors. From this judgment and the preceding orders said executors obtained a writ of error to this Court.

This, like the cases of *Peerce* v. *Kitzmiller,* 19 W. Va. 564; *Williams* v. *Freeland, Id.* 599, and *Griffee* v. *Halstead, Id.* 602,

is a proceeding provided for by the provisions of section 3 of chapter 58 of the Acts of 1872–3, authorizing the court to set aside certain judgments therein mentioned, and grant new trials to the defendants. In the aforesaid cases this Court held that according to the provisions of section 35 of Article VIII. of the Constitution of this State the judgments therein specified must stand until, by "due process of law," it is ascertained that they were recovered because of acts done "according to the usages of civilized warfare in the prosecution of the war," and when so found such judgments are nullities; and that section 3 of chapter 58 of the Acts of 1872–3, so far as it authorizes the courts to set aside said judgments upon affidavits and an inspection of the record, is unconstitutional and void, because the mode of proceeding therein prescribed is not due process of law. The case now before us coming within the rule of those decisions must be disposed of in the same manner, and for the same reasons. It is, therefore, considered that the order and judgment entered by the circuit court of Preston county in this case on October 10, 1878, and October 8, 1879, respectively, be set aside and reversed with costs to the plaintiffs in error, and this Court proceeding to enter such judgment as the said circuit court should have entered, it is ordered that the demurrer to the petition be sustained and the petition dismissed with costs to the defendants therein, but without prejudice to any rights or remedies which the petitioner may be entitled to in law or in equity under section 35 of Article VIII. of the Constitution of this State.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    PETITION DISMISSED.