## Richmond.

### MARPOLE v. CATHER'S ADM'R.

November 15th, 1883.

1. CONSTITUTIONALITY OF STATUTES—*Scaling judgments.*—Act approved
   March 25, 1873, amending section 3 of the act of March 3, 1866, so far as
   it authorizes the re-opening of a judgment rendered since March 3,
   1866, is unconstitutional and void, both because it is an infringement
   upon the powers of the judicial department of the government, and
   because it impairs the obligation of contracts.
2. APPROVED.—*Ratcliffe* v. *Anderson*, 31 Gratt. 105, is approved.
3. IDEM—*Prospective acts.*—Though said act may be prospective and enter
   into contracts made since its passage, and the judgment sought to be
   re-opened and scaled under it may have been rendered since its pas-
   sage, its unconstitutionality is not removed by those facts.

Error to judgment of circuit court of Frederick county,
refusing to re-open and scale a judgment recovered against
plaintiff in error, by default, by defendant in error, in No-
vember, 1880, on the ground that the bond whereon it was
founded was given on a Confederate money contract.

Opinion states the case.

*Dandridge & Pendleton,* for plaintiff in error.

*James Whitacre,* for defendant in error.

HINTON, J., delivered the opinion of the court.

This case arose out of a motion made by the plaintiff in
error to the circuit court of the county of Frederick, to scale

a judgment recovered against him, by default, by the defendant in error, at the November term, 1880, of said court. The judgment was for the sum of $74.61, with interest thereon from the 23d day of May, 1863, and costs. The cause of action arose between the 1st day of January, 1862, and the 10th day of April, 1865. Notice of the motion was given under the amended law for the adjustment of war liabilities, passed March 25th, 1873, which is embodied in the Code of 1873, in ch. 138, § 7. At the March term, 1882, the motion was dismissed by the court, upon the ground that the act of assembly, under which the motion was made, was unconstitutional. And it is this action of the court which we have to review now.

In *Ratcliffe* v. *Anderson*, 31 Gratt. 105, the validity of this enactment was deliberately passed upon, and this court, in an able and well-considered opinion, pronounced by Christian, J., held that it was unconstitutional and void, because it is an infringement upon the judicial department of the government, and because it impairs the obligation of contracts. In that opinion we fully concur. And as the reasons there given equally apply here, this case must he held to be concluded by that decision.

In *Ratcliffe* v. *Anderson*, however, the judgment by default was obtained before the passage of the act of March 25th, 1873, and the motion to scale that judgment was made after the passage of that act, and a distinction is therefore sought to be drawn between that case and this, on the assumption that as to this case that enactment is prospective, and that it, therefore, may be said to constitute a part of the contract. To this suggestion we cannot give our assent. It is founded upon an entire misconception of the main ground of objection to the statute. The great vice in this statute, and the one for which it was declared unconstitutional and void, is, that it puts it in the power of a party defendant to destroy the finality of a judgment; that it, in

effect, allows a defendant to have a second trial, before the same court, of one and the same cause of action, in the absence of any of those circumstances of fraud, accident, mistake, or other equity, which have usually been held to entitle a party to such redress. That objection also applies to the case under review, and the reasons which controlled that case must control this. The legislature may undoubtedly pass acts in aid of judicial proceeding, but never in destruction of them. The act in question falls within the latter class, and is, in our opinion, unconstitutional and void. Cooley on Const. Lim. (4th ed.), top page 132, note.

We find no error in the order or judgment of the circuit court of Frederick county, and the same must be affirmed.

JUDGMENT AFFIRMED.