Truax-Traer Coal Company *v.* Compensation Commissioner *et al.*

(No. 9248)

The New River Company *v.* Compensation Commissioner *et al.*

(No. 9249)

Koppers Coal Company *v.* Compensation Commissioner *et al.*

(No. 9250)

Koppers Coal Company *v.* Compensation Commissioner *et al.*

(No. 9251)

Lillybrook Coal Company *v.* Compensation Commissioner *et al.*

(No. 9252)

The Spruce River Coal Company *v.* Compensation Commissioner *et al.*

(No. 9253)

Submitted October 14, 1941. Decided November 4, 1941.

In No. 9248:

*Brown, Jackson & Knight* and *John A. Fields, Jr.,* for petitioner.

*H. D. Rollins,* for respondent *E. R. Robinson.*

In No. 9249:

*Charles E. Mahan,* for petitioner.

In No. 9250:

*C. E. Mahan* and *S. C. Higgins, Jr.,* for petitioner.

In No. 9251:

*File, Scherer & File,* for petitioner.

*M. O. Litz* for respondent *Bennie Bell.*

In No. 9252:
*File, Scherer & File,* for petitioner.

In No. 9253:
*H. G. Shaffer,* for petitioner.

ROSE, JUDGE:

Separate rules in prohibition have been awarded by this Court against the State Compensation Commissioner, C. L. Heaberlin, and the claimants hereinafter named, upon the relation of the employers on the ground that the separate acts of the legislature, under which hearings on said claims are proceeding before said commissioner, are unconstitutional. The compensation commissioner has not answered nor made return to any of these writs, and has not otherwise made an appearance in any of the cases; none of the claimants, except Bennie Bell and E. R. Robinson, has answered. These two respondents not only made answer and return, but have appeared by counsel in this Court. Consolidated briefs have been filed on behalf of the six several relators, with special supplemental briefs for the individual relators in each separate case. By agreement of all those appearing here the cases were argued and submitted and to be decided together, although there has been no actual consolidation.

Briefly the six several cases are as follows:

Case No. 9248—Truax-Traer Coal Company v. Haeberlin, Commissioner, and E. R. Robinson: The claimant was injured on May 24, 1935, and was given an award of thirty-three per cent permanent partial disability, the last payment on which was made December 17, 1937. In January, 1938, he had certain correspondence with the commissioner, and on August 30, 1939, he employed counsel who formally requested the reopening of the case. This was refused August 31, 1939, on the ground that more than one year had elapsed since the last payment on the former award, which action of the commissioner was affirmed by the compensation appeal board October 21,

1939, and by this Court October 8, 1940, *Robinson* v. *Compensation Commissioner*, 122 W. Va. 530, 11 S. E. (2d) 111.

Case No. 9249—The New River Company v. Haeberlin, Commissioner, and Leo Daciek: The New River Company, at the request of the compensation commissioner, on July 5, 1939, filed a report that Leo Daciek was claiming benefits under the provisions of article 6, chapter 23 of the Code, known as the "Silicosis Act", on which a hearing was had August 30, 1939, and on September 22, 1939. At this hearing the employer resisted the claim of Daciek, and on December 14, 1939, the commissioner found on the non-medical question arising, as a fact, that "the claimant had not been exposed to the inhalation of silicon dioxide dust in harmful quantities for a period of two years, in the same employment, as provided by Section 5, Article 6, Chapter 23 of the Code." The appeal board affirmed this finding April 20, 1940. Nothing further was done by the claimant.

Case No. 9250—Koppers Company v. Haeberlin, Commissioner, and Alfred F. Dean: The claimant was injured May 14, 1932, and was regularly given a permanent partial disability award of fifty-five per cent, on which the last payment was made June 7, 1936. Nothing further was done toward appealing or reopening the case.

Case No. 9251—Koppers Coal Company v. Heaberlin and Bennie Bell: This claimant was injured June 3, 1926, and was allowed in due course a permanent partial disability award of twenty-five per cent December 17, 1927, which was increased to fifty per cent May 16, 1928, and to seventy per cent September 11, 1930, and finally to seventy-five per cent February 3, 1932. On March 9, 1932, the commissioner refused further compensation and upon hearing duly had this action was affirmed by the commissioner October 21, 1932. Bell appealed to this Court, which, in turn, affirmed the commissioner April 18, 1933. *Bell* v. *Compensation Commissioner*, 113 W. Va. 571, 169 S. E. 162. Again the claimant petitioned for a reopening of his claim, which request was refused December 31, 1935, which ruling was reaffirmed by the commissioner after formal hearing January 30, 1936, and later by the appeal

board. Finally, in 1937, the commissioner again refused to reopen the case, and this last action was affirmed by the appeal board April 24, 1937.

Case No. 9252—Lillybrook Coal Company v. Heaberlin, Commissioner, and Herbert Morris: The claimant was injured September 18, 1929, and on February 27, 1931, was awarded a rating of twenty per cent permanent partial disability, the last payment on which was made March 31, 1931. A request for a reopening of the claim for additional compensation was made about November 1, 1931, which was refused later in that month, and a hearing denied. Nothing more was done by claimant except to write letters to the commissioner in the years 1931, 1932, and 1933, repeating his request for the reopening of the case, all of which requests were refused, because not within the time prescribed by statute.

Case No. 9253—The Spruce River Coal Company v. Heaberlin, Commissioner, and Mose Adkins: Adkins was injured October 15, 1930; filed his application for compensation benefits November 8, 1930; and was awarded compensation at the rate of eight dollars per week for seven and six-sevenths weeks, the last payment on which was made January 3, 1931. Thereafter, in the years 1931 and 1932, by letters addressed to the commissioner, request was made for a reopening of the case, resulting in its being reopened on February 29, 1932, and later set for hearing July 5, 1932. Various requests for continuances were made by the claimant, but nothing done to prove his claim until October 16, 1934, when the commissioner by order of that date, refused further benefits on the ground that the application came too late. Through the years 1935 to 1939, various letters by the claimant brought the same reply from the commissioner. Three attorneys separately represented the claimant at different times, later withdrawing from the case. No appeal was ever attempted.

The Robinson case was authorized to be reopened by Chapter 104, the Daciek case by Chapter 109, the Dean case by Chapter 101, the Bell case by Chapter 102, the

Morris case by Chapter 107, and the Adkins case by Chapter 110, of the Acts of the Legislature of 1941.

We have thus: (1) one case (No. 9250), in which nothing was done after the final order of the commissioner; (2) one case (No. 9249) in which the claimant did nothing after the appeal board affirmed the commissioner's final order; (3) two cases (Nos. 9252 and 9253) in which nothing was done by the claimants after the commissioner's adverse ruling, except to write letters to the commissioner; and two cases (Nos. 9248 and 9251) which were appealed to the tribunal of last resort.

Each case has been reopened by the Workmen's Compensation Commissioner, as authorized by the several acts above cited.

The petition in each of the cases is based wholly on the contention that the act of the legislature under which the compensation commissioner is purporting to reopen the case is in violation of the provision of the Constitution of West Virginia relating to the passing of special acts; the due process, and equal protection clauses of the state and federal constitutions; and infringes on the independence of the judiciary.

Section 39 of Article VI of the Constitution of West Virginia provides that "* * * in no case shall a special act be passed, where a general law would be proper, and can be made applicable to the case, * * *." A provision substantially equivalent to this section is found in the constitution of a number of other states, and has by the weight of authority been held to make the judgment of the legislature on the propriety and applicability of a general law conclusive and not subject to judicial review. 16 C. J. S., Constitutional Law, section 153; 1 Lewis' Sutherland Statutory Construction (2d Ed.), section 190; *Guthrie National Bank* v. *City of Guthrie*, 173 U. S. 528, 19 S. Ct. 513, 43 L. Ed. 796; *Woodall* v. *Darst*, 71 W. Va. 350, 77 S. E. 264, 80 S. E. 367, 44 L. R. A. (N. S.) 83. The constitutional provision under these holdings became merely monitory and of no practical effect. From this helpless position, the courts soon began to recede, many holding that the question is for the legis-

lature, unless its disregard of the constitutional provision is clear and palpable. *Wheeler* v. *Herbert,* 152 Cal. 224, 92 P. 353; *Quilici* v. *Strosnider,* 34 Nev. 9, 115 P. 177; *Thomas* v. *Spartanburg Ry. etc. Co.,* 100 S. C. 478, 85 S. E. 50; *Richman* v. *Supervisors Muscatine County,* 77 Ia. 513, 42 N. W. 422, 4 L. R. A. 445, 14 Am. St. Rep. 308; *School District* v. *School District,* 135 Okla. 270, 276 P. 186. This Court in the case of *Brozka* v. *County Court,* 111 W. Va. 191, 160 S. E. 914, by amplifying and distinguishing *Woodall* v. *Darst,* 71 W. Va. 350, 77 S. E. 264, 80 S. E. 367, 44 L. R. A. (N S.) 83, Ann. Cas. 1914B, 1278, definitely brings this jurisdiction within the latter group of cases. Even this holding, however, is not necessary to a decision of the instant case. The constitution speaks of a general law which "would be" proper and which "can be" made applicable, thereby implying the non-existence of such general law. But in the present case, there was in fact such a general law before the passage of these special acts, which covered fully the time and condition for making application for benefits from the Workmen's Compensation Fund, and appeals from the decision of the commissioner and steps for reopening cases, as well as the finality of the decisions of tribunals thereby created. It was, therefore, not a matter of theory or speculation whether such general law was proper and could be made applicable. By enactment of the general law, the legislature had foreclosed that question so far as it was concerned. "If a general law exists which is applicable to a subject, the question whether such a law can be made applicable is resolved. The legislature has by the enactment of a general law practically decided the question. Hence if, while such a general law is in force, a special or local law is passed affecting the same subject and modifying the general law, the question of its validity is judicial; it will be held invalid in the case supposed, for, an applicable general law being in existence, it is no longer a question whether such a law can be made applicable; therefore the special or local law is prohibited." 1 Lewis' Sutherland, Statutory Construction (2d Ed.), page 340. Each of the acts in question therefore is in violation of

the above quoted provision of the state constitution, and for that reason are void.

It is further asserted that these acts are in violation of the provisions of both the state and federal constitutions in that they (1) deprive the relators of property without due process of law; (2) constitute an infringement on the judiciary by the legislature; and (3) deprive the relators of the equal protection of the laws.

The final order of the State Compensation Commissioner is not a judgment in the full sense of the term, but it is a judgment in that it is a final determination of a controversy relating to property rights by a public official expressly authorized to make such a decision. *Aniel* v. *Compensation Commissioner,* 112 W. Va. 645, 166 S. E. 366; *Watkins* v. *Compensation Commissioner,* 109 W. Va. 409, 157 S. E. 89; *Heaton* v. *Compensation Commissioner,* 106 W. Va. 563, 146 S. E. 368. "The workmen's compensation award, although not a judgment, is in the nature of a judgment and the same rules are applicable to it as are applied to judgments and decrees of courts." 71 C. J., p. 1182. A judgment is "property" and as such is the proper subject of constitutional protection. *Merchants' Bank* v. *Ballou,* 98 Va. 112, 32 S. E. 481, 44 L. R. A. 306, 81 Am. St. Rep. 715; *Marpole* v. *Cather's Adm'r.,* 78 Va. 239; *Casieri's Case,* 286 Mass. 50, 190 N. E. 118; *Springstun* v. *Springstun,* 131 Wash. 109, 229 P. 14, 16, 40 A. L. R. 595. In the latter case, the court said: "A judgment is property, and is as much protected by the fundamental law against invasion by the legislative body as is any other species of property." In *Casieri's Case,* the same rule is applied to the decision of the Industrial Accident Board of Massachusetts. No reason is perceived why an employer is not entitled to the financial advantages of the finding of the compensation commissioner in his favor, namely, the right to be exempt from contributions to the fund to cover the employee's claim, precisely as he would be in case of any other legally authorized adjudication in his favor. The acts in question here destroy the property rights of the several relators to the benefits of the commissioner's finding in their favor, and are therefore

unconstitutional as destroying property rights to this extent. *Ex Parte Low*, 24 W. Va. 620; *Harness* v. *Babb's Executors*, 22 W. Va. 315; *Peerce* v. *Kitzmiller*, 19 W. Va. 564.

Another aspect of these acts is equally fatal. Their purpose and effect are to nullify decisions of legally established judicial or quasi-judicial tribunals. This is a plain infringement of the legislative branch of the government on the judiciary. "Where a State Constitution divides the government into three distinct and separate departments, viz: The Legislative, the Executive, and the Judicial, without special authority in the Constitution for so doing it is beyond the power of the Legislature to authorize courts to set aside judgments and grant new trials in cases after the term, at which the judgments were recovered, has passed, for such action would be judicial." *White* v. *Crump and Shanklin*, 19 W. Va. 583.

The objection that these acts deprive these relators of the equal protection of the law is also well taken. Each act requires a single employer to litigate a second time a claim on which a finding in his favor had been legally made and become final and unassailable by a judicial or quasi-judicial proceeding, whereas all other employers in a like situation are immune under general law against such liability. This the legislature cannot do. "But a statute would not be constitutional which should proscribe a class or a party for opinion's sake, or which should select particular individuals from a class or locality, and subject them to peculiar rules, or impose upon them special obligations or burdens from which others in the same locality or class are exempt." 2 Cooley's Constitutional Limitations (8th Ed.), pages 807, 808. See also, *State* v. *Goodwill*, 33 W. Va. 179, 10 S. E. 285, 6 L. R. A. 621, 25 Am. St. Rep. 863; *Marlow* v. *Ringer*, 79 W. Va. 568, 91 S. E. 386, L. R. A. 1917D, 619.

Other courts have held unconstitutional special acts relating to workmen's compensation claims similar to these here brought in issue. In *Casieri's Case*, 286 Mass. 50, 190 N. E. 118, the court, in dealing with an enactment having for its object the same purpose as the acts here under

consideration, had this to say: "Although the Industrial Accident Board is an administrative tribunal and not a court, its decisions partake of the nature of a court's decisions in their effect upon private property rights. In accord with the cases above cited, the decision of the board that all disability was at an end in December of 1927, was a final decision amounting to a judgment in favor of the insurer. * * * Moreover, inasmuch as a decree of a court might have issued on the board's decision, we think the principle applicable that a Legislature can not grant a review or rehearing of the judgment or decree of a court where none is provided at the time of the decision." *Arnold & Murdock Company* v. *Industrial Commission*, 314 Ill. 251, 145 N. E. 342, 40 A. L. R. 1470, dealt with a statute to provide a reopening in a total permanent disability case where the claimant had subsequently recovered. Holding the act unconstitutional, the court said: "The legislature may adopt valid acts affecting practice and procedure where no vested right has accrued * * *, but a judgment is a vested right of property and cannot be destroyed or diminished by a retroactive statute." In *Decker* v. *Pouvailsmith Corporation*, 252 N. Y. 1, 168 N. E. 442, 443, the court passed upon an act giving claimant the right to make claim for compensation after the expiration of the time for filing such claim had expired under general law. The court held the act invalid, saying: "Chapter 709, Laws of 1927, is a special or private act for the relief of claimant, intended to revive his claim. It denies to the employer the equal protection of the laws by singling out one of a class for special burdens and obligations. One person should not be subjected to liability from which all others in like circumstances are exempted."

Since each of these acts is invalid as contravening either the state or federal constitutions, or both, in the respects hereinbefore noted, it follows that a peremptory writ will issue, as prayed for in each petition herein, against the Workmen's Compensation Commissioner and the respective claimants.

*Writs awarded.*