Ivo JONES, Plaintiff,

v.

WYETH LABORATORIES, INC., a Foreign Corporation, Parke, Davis & Company, a Foreign Corporation, Merck, Sharpe & Dohme Orthopedics, Inc., a Foreign Corporation, and Merrill National, a Foreign Corporation, Defendants.

No. 77–2059.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Feb. 2, 1978.

Sam Sexton, Jr., Fort Smith, Ark., Gene Stipe, Stipe, Gossett, Stipe & Harper, McAlester, Okl., for plaintiff.

Larry R. McCord, U. S. Atty., Fort Smith, Ark., Russell L. Welsh, Torts Section, Civil Div., Dept. of Justice, Washington, D. C., for defendant, United States.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

This case arises from the United States swine flu inoculation program of 1976. The plaintiff, Ivo Jones seeks damages from the four manufacturers of the vaccine as compensation for the personal injuries he as-serts were proximately caused by his inoculation on October 28, 1976. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

The United States has filed a motion to substitute itself as the sole party defendant and to dismiss the action.

■ The government's motion to substitute itself as defendant in lieu of the four manufacturers is premised upon 42 U.S.C. § 247b(k)(3), which provides as follows:

> (3) The remedy against the United States prescribed by paragraph (2) of this subsection for personal injury or death arising out of the administration of the swine flu vaccine under the swine flu program shall be exclusive of any other civil action or proceeding for such personal injury or death against any employee of the Government (as defined in section 2671 of Title 28) or program participant whose act or omission gave arise to the claim.

A "program participant" is defined in 42 U.S.C. § 247b(k)(2)(B) to include the four manufacturers whom plaintiff named as defendants. The language of the statute is clear, specific and unambiguous and requires this Court to grant the government's motion for substitution.

The government's motion to dismiss is premised upon the plaintiff's failure to exhaust administrative remedies. 42 U.S.C. § 247b(k)(2)(A) provides that causes of action arising under the Swine Flu Inoculation Act shall be governed by the procedures set out in the Federal Tort Claims Act. The Federal Tort Claims Act clearly requires the claimant to first present his claim to the appropriate Federal Agency, as a prerequisite to maintaining an action against the United States. 28 U.S.C. § 2675(b) (1977 Repl.).

Since the plaintiff concedes that his administrative remedies have not been exhausted, the government's motion to dismiss must be granted.

■ The Plaintiff has challenged both motions of the United States on the grounds that the Swine Flu Act does not apply to claims of negligence and that the

Act is unconstitutional. 42 U.S.C. § 247b(k)(2)(A)(i) clearly states that liability of the United States under the swine flu vaccination program can be premised upon the theory of negligence.

The constitutional argument of the plaintiff is four pronged: First, Plaintiff claims that the Swine Flu Act deprives him of due process as guaranteed by the Fifth Amendment. Second, it is alleged that the Act violates Plaintiff's right to equal protection of the law guaranteed by the Fourteenth Amendment. Third, Plaintiff claims the Swine Flu Act violates his Seventh Amendment right to trial by jury. Finally, it is asserted that the Congress, through the Swine Flu Act, invaded the Powers reserved to the states by the Tenth Amendment. We specifically find that the Swine Flu Act is constitutional. Four district courts have so held. *Sparks v. Wyeth Laboratories, Inc.*, 431 F.Supp. 411 (W.D.Okl. 1977); *Wolfe v. Merrill-National Laboratories*, 433 F.Supp. 231 (M.D.Tenn.1977); *Stephen v. Wyeth Laboratories, Inc.*, No. 77–L–0274–S (W.D.Ala. June 3, 1977) and *Ducharne v. Merrill-National Laboratories*, No. 77–04526 (W.D.La. December 2, 1977).

No individual has a vested right in any common law cause of action. *Keller v. Dravo Corporation*, 441 F.2d 1239 (5th Cir. 1971). Any prospective cause of action Plaintiff may have had against a vaccine manufacturer had not vested at the time the Swine Flu Act was passed on August 13, 1976. Therefore, consistent with due process, the prospective cause of action could be abolished and the statutory remedy envisioned by the Swine Flu Act substituted.

The constitutionality of the Federal Drivers Act, 28 U.S.C. § 2679, was upheld in the fact of a similar challenge. *Carr v. United States*, 422 F.2d 1007 (4th Cir. 1970). So, too, has the authority of Congress "to abolish a cause of action by one private party against another and substitute a statutory remedy against the United States" been upheld. (See *Brady v. Roosevelt Steamship Co.*, 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 (1943) and *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331 (1928)). The Swine Flu Act comports with the due process clause.

Although the equal protection clause of the Fourteenth Amendment is only applicable to the states certain Congressional statutes or actions which would violate the equal protection clause if done by the states may be "so unjustifiable" as to violate the Fifth Amendment Due Process clause. *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The Swine Flu Act is justifiable. The immunization program could not have proceeded without this immunity legislation. (Cong. Rec. E4698 (August 26, 1976)). The Swine Flu Act was rationally related to the legitimate governmental goal of assuring that the states received sufficient vaccine to immunize the public. The Swine Flu Act does not violate plaintiff's right to equal protection of the laws.

The Seventh Amendment does not guarantee a right to trial by jury in civil actions against the sovereign. *Glidden Company v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962). The Swine Flu Act creates an action against the United States to which the Seventh Amendment does not apply. The Swine Flu Act does not violate plaintiff's right to trial by jury.

There is no Tenth Amendment violation. Contrary to plaintiff's contention, it has long been well-settled that Congress may spend money in aid of the "general welfare." *Helvering v. Davis*, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). The Public Health Service Act, to which the Swine Flu Act is an amendment provides for grants to the states to meet the cost of disease control program. 42 U.S.C. § 247b(a). The Swine Flu Act calls for the participation of state and local health departments. 42 U.S.C. 247b(j)(1)(C). The Arkansas code specifically provides that Federal benefits for public health programs will be accepted by the State. 82 Ark.Stat. 123. The Swine Flu Program was entirely voluntary both for the Plaintiff and for the State of Arkansas. It does not violate the Tenth Amendment.

38

Having found that the Swine Flu Act is constitutional, the Plaintiff must comply with its procedures including the filing of an administrative claim. The filing of an administrative claim is an absolute prerequisite. *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970); *Peterson v. United States*, 428 F.2d 368 (8th Cir. 1970) and *Ferreira v. United States*, 389 F.2d 191 (9th Cir. 1968).

Since plaintiff has not filed an administrative claim, this action must be dismissed.

Accordingly, an order substituting the United States as sole party defendant and another order dismissing this action without prejudice have been entered.