583 F.2d 1070
 Ivo JONES, Appellant,
v.
WYETH LABORATORIES, INC., a Foreign Corporation, Parke,
Davis & Company, a Foreign Corporation, Merck, Sharpe &
Dohme Orthopedics, Inc., a Foreign Corporation, Merrill
National, a Foreign Corporation, and the United States of
America, Appellees.
 No. 78-1238.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 15, 1978.
Decided Sept. 20, 1978.
 
 Gene Stipe of Stipe, Gossett, Stipe & Harper, Oklahoma City, Okl., for appellant; Sam Sexton, Jr., Fort Smith, Ark., on brief.
 W. Russell Welsh, Atty., Civ. Div., Dept. of Justice, Washington, D. C., for appellee; Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Larry R. McCord, U. S. Atty., Fort Smith, Ark., and Jeffrey Axelrad, Washington, D. C., on brief.
 Before HEANEY and STEPHENSON, Circuit Judges, and HANSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Ivo Jones commenced this action against four manufacturers of the swine flu vaccine, seeking damages for personal injuries allegedly caused by a swine flu innoculation that had been administered to him. Pursuant to 42 U.S.C. § 247b(k),[1] the District Court permitted the United States to substitute itself as a defendant in the lawsuit. The court granted the government's motion to dismiss Jones's action based upon his failure to exhaust administrative remedies.
 
 
 2
 42 U.S.C. § 247b(k)(2)(A) provides that claims arising under the Swine Flu Act are governed by the procedures of the Federal Tort Claims Act. Under 28 U.S.C. § 2675(b) of the Tort Claims Act, a claimant must present his claim to the appropriate administrative agency before filing an action in the district court. The District Court found that Jones, admittedly, had not exhausted his administrative remedies. Thus, the court granted the government's motion to dismiss.
 
 
 3
 The District Court rejected Jones's contentions that: (1) the Swine Flu Act does not apply to negligence claims, and (2) the Act is unconstitutional. After a review of the briefs and the District Court's opinion, we are satisfied that the court's findings of fact are not clearly erroneous and that no error of law appears. We, thus, affirm on the basis of the District Court's opinion.[2] See Ivo Jones v. Wyeth Laboratories, Inc., etc., et al., 457 F.Supp. 35 (W.D.Ark.1978).
 
 
 4
 Affirmed.
 
 
 
 *
 The Honorable WILLIAM C. HANSON, United States Senior District Judge for the District of Iowa, sitting by designation
 
 
 [1]
 42 U.S.C. § 247b(k)(2)(A) provides for the liability of the United States for injuries or death caused by administration of the swine flu vaccine. 42 U.S.C. § 247b(k)(3) provides in part:
 The remedy against the United States prescribed by paragraph (2) * * * shall be exclusive of any other civil action * * * against any employee of the Government * * * or program participant whose act or omission gave arise (sic) to the claim.
 
 
 [2]
 We note that the Fifth Circuit has recently upheld the constitutionality of the Swine Flu Act. See Ducharme v. Merrill-National Laboratories, 574 F.2d 1307 (5th Cir. 1978)