[Civ. No. 17186. Third Dist. Dec. 22, 1978.]

ALBERT J. HEITZ, Plaintiff and Appellant, v.
COUNTY OF SACRAMENTO, Defendant and Respondent.

## COUNSEL

Friedman, Collard, Poswall & Thompson and Rex-Ann S. Gualco for Plaintiff and Appellant.

Bolling, Pothoven, Walter & Gawthrop and Laurence L. Angelo for Defendant and Respondent.

## OPINION

JANES, J.—Plaintiff appeals from a judgment of dismissal entered after the trial court sustained, without leave to amend, defendant County of Sacramento's demurrer to his complaint for the recovery of damages for injuries resulting from a swine flu immunization received at a county-provided inocculation center. Plaintiff seeks reversal of the judgment on the ground that Government Code section 856.6, which exempts public and volunteer participants in the National Influenza Program of 1976 from liability except in the case of willful misconduct, is unconstitutional.

Plaintiff's complaint, filed April 21, 1977, alleges that on November 18, 1976, he received a swine flu immunization at one of the public inocculation centers in Sacramento County; that he became ill and will remain to some degree permanently disabled as a consequence of the inocculation; and that claims were timely filed with both the county and the state. Plaintiff seeks general damages "in excess of $5,000.00," special damages according to proof, his costs, and any further relief deemed by the court to be appropriate.

Defendant county responded with a general demurrer asserting total immunity under the provisions of Government Code section 856.6. On August 8, 1977, the court sustained the demurrer without leave to amend and judgment of dismissal was entered. This appeal followed.

Plaintiff seeks reversal of the trial court's judgment, asserting that Government Code section 856.6 is unconstitutional in that: (1) it is a "special law" within the meaning of article IV, section 16 of the California Constitution,[1] and thus invalid; (2) it unconstitutionally discriminates on the basis of wealth; and (3) under the supremacy clause of the United States Constitution (article VI), it must yield to the federal legislation covering the swine flu inocculation program.

In support of the judgment, the county contests plaintiff's characterization of section 856.6 as special legislation, challenges plaintiff's standing to assert economic discrimination, denies that the section discriminates on an economic basis, and urges that the state has not been preempted by the federal government from enacting the section. ■ (See fn. 2.) Moreover, the county contends that the trial court (and any state court) lacks subject matter jurisdiction over the action in view of the provisions of the National Swine Flu Immunization Program of 1976 (42 U.S.C.A. § 247b(j), (k).)[2]

Government Code section 856.6 was enacted as an urgency measure and became effective July 10, 1976.[3] (Stats. 1976, ch. 427, § 1.) The

[1]Article IV, section 16, provides: "(a) All laws of a general nature have uniform operation. (b) A local or special statute is invalid in any case if a general statute can be made applicable."

[2]The county's failure to assert, in the trial court, such lack of subject matter jurisdiction does not preclude our consideration of the issue; a jurisdictional defect of this type is cognizable for the first time on appeal. (*Consolidated Theatres, Inc.* v. *Theatrical Stage Employees Union* (1968) 69 Cal.2d 713, 721 [73 Cal.Rptr. 213, 447 P.2d 325].)

[3]The section provides in pertinent part:

"(a) A public entity, public employee, or volunteer, participating in the National

National Swine Flu Immunization Program of 1976, Public Law 94-380, was enacted on August 12, 1976. Section 2 of that law amended section 247b of title 42, United States Code, to provide, inter alia, that all participants in public swine flu immunization programs would be immune from liability and that the exclusive remedy of those injured as a result of the program would be a claim against the United States. (42 U.S.C.A. § 247b(k).)

I

■ Contrary to plaintiff's assertion, Government Code section 856.6 is not invalid as special legislation, notwithstanding that subdivision (a) thereof provides immunity only to those participating in public inocculation programs. It is well settled that " '[a] law, to be general in its scope . . . need not include all classes of individuals in the state. It answers the constitutional requirements [of article IV, section 16 of the California Constitution] if it relates to and acts uniformly upon the whole of any single class of individuals or objects, and the classification is founded upon some natural, intrinsic or constitutional distinction. [Citations.] If good ground for the classification exists, such classification is not void because it does not embrace within it every other class which might be included.' " (*Powers Farms* v. *Consolidated Irr. Dist.* (1941) 19 Cal.2d 123, 131 [119 P.2d 717] [quoting *Heron* v. *Riley* (1930) 209 Cal. 507, 518 (289 P. 160)].)

A contention similar to that made here was unsuccessfully asserted in *Dias* v. *Eden Township Hospital Dist.* (1962) 57 Cal.2d 502 [20 Cal.Rptr. 630, 370 P.2d 334], with respect to the requirement that a claim be filed before an action could be maintained against a publicly operated hospital whereas no such claim was necessarily precedent to an action against a hospital operated by a private nonprofit corporation. The Supreme Court there acknowledged that "[p]ublic agencies, generally speaking, afford a proper subject for legislative classification." (57 Cal.2d at p. 504; see also

Influenza Program of 1976, shall not be liable for an injury caused by an act or omission in the promotion of a community program or the administration of vaccine in a community program, including the residual effects of the vaccine, unless the act or omission constitutes willful misconduct.

" . . . . . . . . . . . . .

"(c) . . . [¶] (1) 'Community program' means a public program conducted by a state, city, county, or district health agency under the National Influenza Program of 1976 or a public or private organization which has entered into a contract with a state, city, county, or district health agency, with the approval of the State Department of Health, to provide services pursuant to the National Influenza Program of 1976.

"(2) 'Volunteer' means a licensed health professional, licensed health facility, organization, or individual participating in a community program."

" . . . . . . . . . . . . . . . . . . . . . . . . . "

*Sanders* v. *County of Yuba* (1967) 247 Cal.App.2d 748, 754-755 [55 Cal.Rptr. 852]; *City of Los Angeles* v. *Standard Oil Co.* (1968) 262 Cal.App.2d 118, 122-124 [68 Cal.Rptr. 512].)

The rational and justified nature of the classification utilized in this case is apparent from an examination of section 2 of the enacting statute.[4] Similarly apparent from that examination is the reasonableness of the measure. Plaintiff makes no showing which would demonstrate caprice or arbitrariness in enactment of the statute. Under such circumstances, the claim of special legislation must fail.

## II

The gravamen of plaintiff's contention that the immunity statute fosters economic discrimination is that one who had sufficient funds to have obtained a swine flu inocculation from a private physician or clinic would not be barred from recourse against the negligence of such provider, whereas one who obtained an inocculation from a public immunization clinic is precluded from recovery against similarly negligent providers. ■ Plaintiff's complaint fails to allege inability on his part to obtain inocculation from a private physician and the concomitant need to be inoculated through the publicly funded clinics. Accordingly, he lacks standing to assert this particular ground as a basis for

[4]Statute 1976, chapter 427, section 2 provides:

"Sec. 2. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting such necessity are:

"Scientists and public health authorities have concluded that there is a danger of an epidemic of influenza comparable in morbidity and mortality to the influenza pandemic of 1918-1919, due to an influenza virus known as A/New Jersey/76 (Hswl N1), commonly known as swine flu, with a potential commencement date of late fall of 1976. In response to this crisis the United States Congress has enacted the National Influenza Program of 1976, which establishes a mass immunization program for the United States. The federal law provides for distribution of the vaccine to the states free of charge, but it does not provide sufficient funds to reimburse the states or local agencies for the program costs of mass immunization. In California both state and local budgets are inadequate to finance mass immunization programs, unless health care providers of all categories are asked to volunteer their services, and unless local health departments can be relieved of the expense of potential liability associated with administration of the vaccine. It is evident that a sufficient number of volunteers will not be available unless statutory protection is afforded to them against potential liability.

"Although there have been almost no reported cases to date of any serious side effects associated with administration of any type of influenza vaccine, claims for alleged damage associated with the vaccine may be expected due to the unprecedentedly large number of people who will be immunized.

"For these reasons, and to assure public health and to assure that the disaster of 1918-19 will not be repeated, this act must take effect immediately."

invalidating the statute (*In re Cregler* (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]; *Hom* v. *Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335, 337-338 [61 Cal.Rptr. 920]) and no need exists to deal with this claim of discrimination. (See *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65-66 [195 P.2d 1].)

### III

■ ▪ The final contention asserted by plaintiff is that Government Code section 856.6 must yield, under the supremacy clause, (art. VI of the U. S. Const.), to the provisions of section 247b of title 42, United States Code, which create a comprehensive procedure for the recovery of damages by one injured by the act or omission of a swine flu program participant. (See *Dolores Canning Co.* v. *Howard* (1974) 40 Cal.App.3d 673, 679 [115 Cal.Rptr. 435].)

It is plaintiff's position that since under the California statute there can be no recovery for the acts or omissions of a "public entity, public employee or volunteer, participating in the National Influenza Program of 1976," while under federal law provision is expressly made for such recovery (albeit against the United States), the provisions are in direct conflict and the supremacy clause of the federal Constitution requires invalidation of the state statute, thus permitting him to proceed with the present action. In making this argument, however, plaintiff misapprehends the impact of the exclusivity provisions of the federal statute. Such exclusivity provisions are controlling and are dispositive of plaintiff's appeal.

Assuming arguendo that the state and federal provisions are in conflict, as plaintiff asserts, rather than capable of being harmonized, as the county contends, the judgment of dismissal must still be upheld. Subdivision (k) of the federal statute (42 U.S.C.A. § 247b) expressly sets forth the exclusive nature of a claimant's remedy for injuries under the National Swine Flu Immunization Program. That remedy is a claim against the United States. Subdivision (k) also expressly spells out the steps to be taken in the event a suit seeking such remedy is filed in the state courts. We need not be concerned here, however, with removal procedures, since plaintiff has presently pending before the federal courts an action seeking recovery for his injuries which assertedly resulted from the swine flu inocculation. (See *Albert J. Heitz* v. *The United States of America* (E.D.Cal.) civil action No. Civ. S-77-578-TJM; *In re Swine Flu Immunization Products, etc.* (1978) 446 F.Supp. 244, 248.)

Our research has revealed four reported federal cases decided under the National Swine Flu Immunization Program of 1976 to date. In each of these, the exclusivity of the remedy there provided has been recognized. (See *Jones* v. *Wyeth Laboratories, Inc.* (W.D.Ark. 1978) 457 F.Supp. 35, affd. (8th Cir. 1978) 583 F.2d 1070; *Ducharme* v. *Merrill-National Laboratories* (5th Cir. 1978) 574 F.2d 1307, 1310-1311, cert. den., 439 U.S. 1002 [58 L.Ed.2d 677, 99 S.Ct. 612]; *Wolfe* v. *Merrill Nat. Laboratories, Inc.* (M.D.Tenn. 1977) 433 F.Supp. 231, 234-235; *Sparks* v. *Wyeth Laboratories, Inc.* (W.D.Okla. 1977) 431 F.Supp. 411, 414, 420.) The language of subdivision (k), section 247b of title 42, United States Code, is too clear to permit the interpretation suggested by plaintiff, namely, that the federal courts have jurisdiction only over claims for injuries assertedly caused by federal entities, employees and agents.

The judgment is affirmed.

Regan, Acting P. J., and Evans, J., concurred.